Filed 7/1/21  In re Zavaleta CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| In re JAVIER ZAVALETA<br><br>on Habeas Corpus. | G060298<br><br>(Super. Ct. No. 18CF1068)<br><br>O P I N I O N |

Original proceedings; petition for a writ of habeas corpus to file a timely notice of appeal.  Petition granted.

David Rankin, Appellate Defenders, Inc. for petitioner.

Rob Bonta, Attorney General, and Julie L. Garland, Assistant Attorney General for Respondent.

\*          \*          \*

THE COURT:*

Javier Zavaleta seeks relief from the failure to file a timely notice of appeal. The petition is granted.

On October 11, 2019, appellant Javier Zavelta was sentenced in superior court case No. 18CF1068. According to Zavaleta's declaration, he asked trial counsel to file a notice of appeal on his behalf at the sentencing hearing, and counsel later confirmed that a notice of appeal had been filed. Trial counsel's declaration confirms Zavaleta's account that he had been asked by Zavaleta to file a notice of appeal. Counsel's declaration also states that he agreed to file a notice of appeal on Zavaleta's behalf, and believed that he had done so, but later discovered that he inadvertently failed to file the notice of appeal in a timely manner. When counsel attempted to file the notice of appeal in January 2020, the superior court stamped the notice of appeal "Received," but did not file the notice of appeal. According to correspondence from superior court, the last day to file a timely notice of appeal was December 10, 2019.

The principle of constructive filing of the notice of appeal is applied in situations where counsel advises a criminal defendant that he will file a notice of appeal on his behalf, but then fails to do so in accordance with the law. (*In re Benoit* (1973) 10 Cal.3d 72, 87-88.) This is because an attorney who has advised his client that he will file a notice of appeal has a duty to file a timely notice of appeal or tell the client how to file it himself. In this case, counsel advised Zavaleta that he would file a notice of appeal on his behalf and then failed to do so. Zavaleta's reasonable reliance on the promise of counsel to file a timely notice of appeal entitles Zavaleta to the relief requested.

The Attorney General does not oppose Zavaleta's request for relief to file a late notice of appeal without the issuance of an order to show cause. (*People v. Romero* (1994) 8 Cal.4th 728.)

---

* Before O'Leary, P. J., Fybel, J., and Goethals, J.

2

The petition is granted. The Clerk of the Superior Court is directed to file the notice of appeal that was received but not filed on January 14, 2020. Further proceedings, including preparation of the record on appeal, are to be conducted according to the applicable rules of court. (Cal. Rules of Court, rule 8.320(d).)

In the interest of justice, the opinion in this matter is deemed final in this court and the clerk of this court is directed to issue the remittitur forthwith.